[878 NYS2d 744]

In the Matter of JANE POSNER (Admitted as JANE YVONNE POSNER), an Attorney, Resignor.

Second Department, April 7, 2009

### APPEARANCES OF COUNSEL

*Howard Benjamin*, New York City, for resignor.

*Gary L. Casella*, White Plains (*Matthew Lee-Renert* of counsel), for Grievance Committee for the Ninth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Jane Posner, admitted as Jane Yvonne Posner, has submitted

an affidavit dated October 20, 2008, wherein she tenders her resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Ms. Posner was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 21, 1989, as Jane Yvonne Posner.

Ms. Posner acknowledges that her affidavit is submitted voluntarily, free from coercion and duress after review with counsel, and with a full awareness of the implications of its submission. She is aware of a pending investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee), into allegations of professional misconduct concerning the breach of her fiduciary duty by her conversion of funds owing to clients and/or third parties in her attorney trust account at HSBC Bank. As a result of her acknowledged breach and issuance of checks from that account when there were insufficient funds on deposit, checks were dishonored and payments due to third parties through disbursements to that account were delayed.

Ms. Posner acknowledges her inability to defend herself on the merits against charges predicated on the aforesaid allegations. In conjunction with the submission of her resignation, Ms. Posner has ceased taking on any new client or transactional matters and is willing to wind down her practice with the completion of matters already pending.

Ms. Posner is aware that this Court, in any order permitting her to resign, could require her to make monetary restitution to any person whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection. She is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) (f) could be entered as a civil judgment against her and she specifically waives the opportunity afforded her by that section to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation. Inasmuch as it is in full compliance with the Court's rules, it is accepted, and, effective immediately, Jane Posner, admitted as Jane Yvonne Posner, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, J.P., RIVERA, SPOLZINO, SKELOS and BELEN, JJ., concur.

Ordered that the resignation of Jane Posner, admitted as Jane Yvonne Posner, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jane Posner, admitted as Jane Yvonne Posner, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jane Posner, admitted as Jane Yvonne Posner, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jane Posner, admitted as Jane Yvonne Posner, is commanded to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Jane Posner, admitted as Jane Yvonne Posner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).