[983 NYS2d 408]

In the Matter of MARTIN L. POSNER (Admitted as MARTIN LOUIS POSNER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 16, 2014

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Matthew Lee-Renert* of counsel), for petitioner.

*Richard E. Grayson*, White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition, dated June 11, 2012, containing six charges of professional misconduct. After a hearing, the Special Referee sustained all six charges. The Grievance Committee now moves to confirm the report of the Special Referee and impose such discipline upon the respondent as this Court deems just and proper. The respondent opposes the Grievance Committee's motion. Alternatively, he asks that discipline be limited to a public censure.

Charge one alleges that the respondent breached his fiduciary duty by failing to safeguard funds entrusted to the law firm of Posner Posner & Associates, P.C. (hereinafter the law firm), incident to the practice of law, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). The respondent and his spouse, Jane Posner, were the named partners in the law firm. They were also authorized signatories for the law firm's attorney escrow account, maintained at HSBC Bank and identified as a "Mortgage Closing Account." Between February 2, 2008 and August 28, 2008, eight disbursements from the mortgage closing account created or increased a negative balance of funds therein.

Charge two alleges that the respondent breached his fiduciary duty by failing to safeguard funds entrusted to the law firm, incident to the practice of law, in violation of former Code of

Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). On or about September 24, 2008, $421,262.16 was deposited into the mortgage closing account relative to the purchase of certain real property in Suffern, New York. At the closing of that transaction, on September 25, 2008, Jane Posner issued a check from the mortgage closing account in the sum of $339,719.79, payable to Washington Mutual Bank, to pay off the existing mortgage held by the seller of the real property. Prior to the actual transfer of the funds to Washington Mutual Bank, a stop payment order was issued with regard to the subject check. Although the $339,719.79 was never appropriately disbursed to any party entitled to receive those funds, the balance of the mortgage closing account dropped below that amount on or about September 30, 2008, and remained below that amount until on or about February 5, 2009.

Charge three alleges that the respondent engaged in conduct adversely reflecting upon his fitness as a lawyer in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon the factual allegations set forth in charges one and two.

Charge four alleges that the respondent was responsible for the violation of the disciplinary rules by another attorney, by failing to take reasonable remedial action at a time when the consequences of such conduct could have been avoided or mitigated, in violation of former Code of Professional Responsibility DR 1-104 (d) (2) (22 NYCRR 1200.5 [d] [2]). In addition to the foregoing, in or about June 2008, Jane Posner advised the respondent, inter alia, that she issued checks from the mortgage closing account that were dishonored due to insufficient funds, and that she was the subject of an investigation by the Grievance Committee regarding those dishonored checks. The respondent did not take any significant steps at that time to become more involved in the maintenance and oversight of the mortgage closing account. Thereafter, a series of 10 unauthorized cash withdrawals, in the total sum of $6,052.25, were made from the mortgage closing account. On or about October 20, 2008, Jane Posner submitted an affidavit of resignation as an attorney, which was notarized by the respondent, and in which she acknowledged that she could not successfully defend herself against allegations concerning her conversion of funds from the mortgage closing account that were due to clients and third parties (63 AD3d 61 [2009]). In 2010, Jane Posner was convicted of grand larceny after she entered a plea of guilty

with respect to the misappropriation of funds held in the mortgage closing account as referenced in charge two, and, in conjunction with her conviction, she executed a confession of judgment in the sum of $335,719.79 (100 AD3d 805 [2012]).

Charge five alleges that the respondent engaged in conduct adversely reflecting upon his fitness as a lawyer in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon the factual allegations set forth in charge four.

Charge six alleges that the respondent failed to properly identify his law firm's attorney escrow account, in violation of former Code of Professional Responsibility DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2]). The respondent failed to ensure that the mortgage closing account was identified as an "Attorney Special Account," "Attorney Trust Account, "or "Attorney Escrow Account," and that the checks issued from that account bore one of the foregoing titles.

In view of the respondent's admissions and the evidence adduced at the hearing, we conclude that the Special Referee properly sustained all six charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we are mindful that the respondent was no longer an active participant in the law firm at the time of the underlying events, and was not directly involved in the subject defalcations. However, the respondent remained a named partner of the law firm, and an authorized signatory for the law firm's mortgage closing account, with attendant fiduciary obligations. Despite significant losses incurred by one or more of the clients of the law firm, there has been no effort on the part of the respondent to make restitution to those clients. The respondent's prior disciplinary history consists of three letters of caution.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

ENG, P.J., MASTRO, RIVERA, SKELOS and HALL, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Martin L. Posner, admitted under the name of Martin Louis Posner, is suspended from the practice of law for a period of one year, commencing May 16, 2014, and continuing until further order of this Court. The re-

spondent shall not apply for reinstatement earlier than November 17, 2014. In such application, the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Martin L. Posner, admitted under the name Martin Louis Posner, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Martin L. Posner, admitted as Martin Louis Posner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).